[Cite as *State v. Groves*, 2019-Ohio-207.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN A. GROVES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CO 0005**

---

Criminal Appeal from the
Municipal County Court of Columbiana County, Ohio
Case No. 17 CRB 984

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Alec A. Beech*, Columbiana County Prosecutor's Office, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee, and
*Atty. Peter Horvath*, 38294 Industrial Park Road, P.O. Box 501, Lisbon, Ohio, for Defendant-Appellant.

Dated:
January 22, 2019

**Donofrio, J.**

{¶1}    Defendant-appellant, Brian Groves, appeals a Columbiana County Municipal Court judgment convicting him of domestic violence after a bench trial.

{¶2}    On August 16, 2017, police were called to the home appellant shared with his girlfriend.  Appellant's girlfriend told police that appellant had choked her and threatened to kill her.  Police arrested appellant and subsequently charged him with one count of domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25(A).

{¶3}    The matter proceeded to a bench trial.  The trial court found appellant guilty as charged.  It initially sentenced him to 180 days in jail and a $150 fine.  But at a review hearing a month later, the court amended its sentence.  It gave appellant credit for 25 days served in jail and suspended the remaining 155 days.  It placed appellant on two years of probation.

{¶4}    Appellant filed a timely notice of appeal on March 27, 2018.  He now raises two assignments of error.

{¶5}    Appellant's first assignment of error states:

THE RECORD REQUIRES SOME DIALOGUE, EITHER FROM THE COURT OR DEFENSE COUNSEL THAT WOULD SATISFY THE COURT THAT THE DEFENDANT HAS BEEN MADE AWARE OF HIS RIGHT TO TESTIFY AND THE IMPLICATIONS THEREOF, AND HIS RIGHT TO NOT TESTIFY AND THE BENEFITS APPURTENANT TO THAT.

{¶6}    Appellant asserts there is no evidence in the record that suggests that he was informed by either the court or his counsel that he had the right to testify in his defense at trial.  He claims it became clear in this case that he was confused about his right to testify.

{¶7}    Due process guarantees that a criminal defendant may take the witness stand and testify in his or her own defense.  *State v. Lute*, 4th Dist. No. 15CA3715, 2016-Ohio-7978, 76 N.E.3d 664, ¶ 19, citing *Rock v. Arkansas*, 483 U.S. 44, 51, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); *Harris v. New York*, 401 U.S. 222, 225, 91 S.Ct. 643,

28 L.Ed.2d 1 (1971). Despite this guarantee, the Ohio State Supreme Court has held "that a trial court is not required to conduct an inquiry with the defendant concerning the decision whether to testify in his defense." *State v. Bey*, 85 Ohio St.3d 487, 499, 1999-Ohio-283, 709 N.E.2d 484.

{¶8}    Appellant filed a partial transcript of the trial court proceedings with this court. There is nothing in the transcript provided to suggest that appellant asserted a desire to testify at trial or that he was confused about his right to testify. In support of his argument, appellant points to his statement at sentencing that he did not attack his girlfriend and did nothing to hurt her. (Tr. 13). But appellant's statement in allocution has no bearing on whether he was informed of, or attempted to exercise, his right to testify in his defense at trial.

{¶9}    When the record does not suggest that the appellant was unaware of his right to testify in his own defense or that defense counsel failed to advise him of this right, the argument that the appellant was deprived of his right to testify must fail. *State v. Brown*, 11th Dist. No. 2016-A-0021, 2017-Ohio-9259, ¶ 56.

{¶10}    Accordingly, appellant's first assignment of error is without merit and is overruled.

{¶11}    Appellant's second assignment of error states:

DEFENDANT-APPELLANT'S RIGHT TO COMPETENT COUNSEL WERE [sic.] VIOLATED WHEN COUNSEL DID NOT PERMIT DEFENDANT-APPELLANT TO TESTIFY AT TRIAL IN HIS OWN DEFENSE.

{¶12}    Appellant contends here that his trial counsel was ineffective for failing to adequately inform him regarding his right to testify in his own defense and to advise him of the consequences of not testifying. He asserts that because he proclaimed his innocence at sentencing, his counsel was ineffective for not advising him to testify.

{¶13} To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);

*State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus.

**{¶14}** Appellant bears the burden of proof on the issue of counsel's effectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In Ohio, a licensed attorney is presumed competent. *Id.*

**{¶15}** As discussed above, nothing in the record provided demonstrates that appellant was unaware of his right to testify.

**{¶16}** Moreover, whether a defendant should take the stand in his own defense is a matter of trial strategy. *State v. Ambrosio*, 9th Dist. No. 03CA008387, 2004-Ohio-5552, ¶ 14, quoting *State v. Mabry*, 9th Dist. No. 2514-M (Oct. 9, 1996). Reviewing courts must not second-guess the strategic decisions of trial counsel. *State v. Carter*, 72 Ohio St.3d 545, 558, 1995-Ohio-104, 651 N.E.2d 965.

**{¶17}** Thus, appellant is unable to demonstrate ineffective assistance of counsel.

**{¶18}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶19}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs
Bartlett, J., concurs

Case No. 18 CO 0005

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Municipal County Court of Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**